IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| FREDA GLOVER | * | |
|     Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:12CV000691 SWW |
| NOVASYS HEALTH | * | |
| | * | |
|     Defendant | * | |
| | * | |

**ORDER**

Plaintiff Freda Glover ("Glover") brought this employment dispute pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981 against her employer, NovaSys Health ("NovaSys"). By order and judgment entered October 25, 2013, the Court granted summary judgment in favor of NovaSys and dismissed this action with prejudice. Now before the Court is NovaSys's motion for costs [ECF Nos. 52, 53]. The time for filing a response has expired, and Glover has not responded. After careful consideration, and for reasons that follow, the motion is granted, and NovaSys is awarded $1,672.20 in costs.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that a prevailing party shall be allowed costs, other than attorney's fees, unless otherwise directed by the court or unless a federal statute or other rules provide for costs. Rule 54(d) "codifies the presumption that ... costs will be awarded to prevailing parties." *Police Retirement Sys. v. Midwest Inv. Advisory Serv.*, 940 F.2d 351, 358-59 (8th Cir. 1991). Furthermore, "Congress has not . . . carved out an exception to Rule 54(d) relieving a losing civil-rights litigant of the burden of bearing the costs of litigation." *Poe v. John Deere Co.,* 695 F.2d 1103, 1108 (8th Cir. 1982).

Title 28 U.S.C. § 1920 defines the expenses that may be taxed as costs under Rule

54(d)(1). These include: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under [28 U.S.C. § 1923]; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

Here, NovaSys seeks to recover $1,672.20 for court reporter and transcript costs incurred for Glover's deposition. NovaSys presents the affidavit of Sheena R. Hamilton, counsel of record for NovaSys, who testifies that court reporter charges for the transcription and copies of Glover's deposition totaled $1,672.20. *See* ECF No. 53-1. NovaSys also presents an invoice for $1,672.20 from Flynn Legal Services for charges associated with the transcription of Glover's deposition testimony. *See* ECF No. 53-2. Finally, it is undisputed that NovaSys utilized Glover's deposition testimony extensively in preparing and presenting its motion for summary judgment. After careful review, the Court finds that NovaSys is entitled to costs in the amount of $1,672.20.

IT IS THEREFORE ORDERED that Defendant's motion for costs [ECF No. 52] is GRANTED. Defendant NovaSys Health is hereby awarded costs in the amount of $1,672.20.

IT IS SO ORDERED THIS 8TH DAY OF JANUARY, 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE